**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **K7 DESIGN GROUP, INC. AND K7 DESIGN GROUP, LLC,**<br>　　　　　　**Plaintiffs,**<br><br>　　　　**v.**<br><br>**FIVE BELOW, INC.,**<br>　　　　　　**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO.  21-1406** |

## <u>MEMORANDUM OPINION</u>

After a vigorously litigated trial concerning a purported agreement to produce hand sanitizer during the COVID-19 pandemic, the parties in this case energetically dispute the amount of costs that can be taxed against the Plaintiffs.[1]  Following a five-day trial, the jury found in favor of Defendant Five Below, Inc. ("Five Below") on both counts of the Complaint— breach of contract and promissory estoppel.  Judgment was entered in Five Below's favor, and it subsequently filed a Bill of Costs seeking, pursuant to 28 U.S.C. § 1920, to tax Plaintiffs K7 Design Group, Inc. and K7 Design Group, LLC (collectively, "K7") for five categories of expenses: service costs; witness costs; transcript costs; copying costs; and trial technician costs. In total, Five Below seeks $65,303.19.  For the reasons that follow, Five Below's Bill of Costs will be granted in part, with the amount taxable to be reduced to $28,665.35.

## I.　　<u>LEGAL STANDARD</u>

Under the Federal Rules of Civil Procedure, "costs . . . should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  Rule 54 "creates the 'strong presumption' that costs are to be awarded to the

---

[1] "At times, [cost disputes] are mere whimpers, last gasps. At other times, cost disputes embody all the acrimony of hotly contested litigation, sometimes with great nitpicking and pettifogging, refusing to 'go gently into that good night' of the closed docket."  *In re Matter of Penn Cent. Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980).

prevailing party" in "full measure." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

Recoverable costs are outlined in 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Witnesses are to be paid an attendance fee for each day's attendance as set forth in 28 U.S.C. § 1821, which also provides for travel expenses and a subsistence allowance when an overnight stay is required.

## II.   DISCUSSION

### A.  Service Costs

Five Below seeks to tax $1,445.49 in costs incurred serving non-party subpoenas on the warehouses used by K7—California Distribution Center, High Tech Logistics, and HK Trans LLC—as well as subsequent motions and orders to enforce the subpoena of HK Trans LLC in 2021 and 2022. The subpoenas "sought records related to the shipment, transfer, and billing" of the products at issue in the litigation, information that Five Below argues was necessary to

determine whether K7 could establish various elements of its claims.[2]  One document obtained

through these subpoenas was eventually introduced as a trial exhibit.  Five Below served these

documents through private process servers.

      "Costs of serving testimonial and document subpoenas on witnesses and third parties may

be recovered" under Section 1920(1) if "the issuance of the subpoena was reasonable and

necessary in light of the facts known at the time of service."  *Sixth Angel Shepherd Rescue, Inc.*

*v. Bengal*, 2013 WL 5309269, at *10 (E.D. Pa. Sept. 23, 2013).  However, as Section 1920(1)

pertains to "fees of the clerk and the marshal," courts in this district have limited costs of private

process servers to the rate that the United States Marshals Service would have charged to effect

service.[3]  *See Kovalev v. Weiss*, 2021 WL 1897761, at *6 (E.D. Pa. May 5, 2021), *aff'd sub nom*.

*Kovalev v. City of Philadelphia*, 2021 WL 4490244 (3d Cir. Oct. 1, 2021); *Herbst v. Gen.*

*Accident Ins. Co.*, 2000 WL 1185517, at *3 (E.D. Pa. Aug. 21, 2000).

      The Marshals Service fees are "$65 per hour (or portion thereof) for each item served . . .

plus travel costs," 28 C.F.R. § 0.114; travel costs included mileage reimbursement at a rate of

$0.56 per mile in 2021 and $0.585 per mile in 2022.  5 U.S.C. § 5704: (a)(1); *POV Mileage*

*Rates (Archived)*, U.S. Gen. Servs. Admin., https://www.gsa.gov/travel/plan-

book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-

archived (last visited June 16, 2023).  Five Below has not provided hourly or mileage rates

associated with the service costs it seeks to tax, but rather the un-itemized amounts charged by

---

[2] These elements include whether K7 "could identify goods to the contract," "was prepared to perform (tender goods identified to the contract)," "incurred any reliance damages," and "paid storage costs it claimed as part of its damages."  At trial, K7 "abandoned its demand for storage costs"; however, Five Below argues, it was still reasonable and necessary to seek this information at the time it served its subpoenas.

[3] Circuit courts are split on whether private process server fees are recoverable under Section 1920.  *See United States ex rel. Evergreen Pipeline Constr. Co. v. Merrit Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996).  The Third Circuit has not yet decided the issue.

its process server.  As K7's warehouses possessed information that could bear on issues in this litigation, these subpoenas were reasonable and necessary at the time of service, and these service costs—limited to the Marshals Service's rates—are taxable.  Because Five Below provides no hourly or mileage rates, these costs will be capped at the $65 minimum the Marshals Service would have charged as summarized below:

| Date | Amount Invoiced | Amount Taxable |
|---|---|---|
| 6/30/2021 | $185.85 | $65.00 |
|  | $185.85 |  |
| 7/2/2021 | $75.00 | $65.00 |
| 10/29/2021 | $11.00 | $11.00 |
| 11/10/2021 | $40.00 | $40.00 |
| 1/4/2022 | $41.75 | $65.00 |
|  | $40.00 |  |
| 3/18/2022 | $41.75 | $65.00 |
|  | 183.40 |  |
|  | 183.40 |  |
|  | 149.34 |  |
|  | $41.75 |  |
|  | $41.75 |  |
| 5/11/2022 | $50.25 | $0[4] |
| 6/16/2022 | $174.40 | $65.00 |
| **TOTAL** | $1,445.49 | $376.00 |

The amount of taxable service fees will therefore be reduced to $376.00.

**B.  Witness Costs**

K7 objects to two portions of the witness costs claimed by Five Below: meal expenses incurred by fact witness Idalia Farrajota in connection with a deposition appearance, and fees charged by expert witness Jay Kent.

---

[4] Five Below included a May 11, 2022 entry coded on an invoice as "Pdf Courtesy Delivery" to the United States District Court in Riverside, California.  Because the inclusion of this cost is otherwise unexplained and Five Below excluded other courtesy copy deliveries from the invoices it submitted, this cost will not be taxed against K7.

i.     *Farrajota Meal Expenses*

Five Below seeks to recover costs connected to fact witness Idalia Farrajota's appearance at two depositions, one in Philadelphia and one in New York.  K7 objects to including a $47 meal expense charged after Farrajota's New York deposition.  K7 is correct that this expense is not taxable under Sections 1920 and 1821.

Section 1821(d)(1)-(2) allows witnesses to be paid a "subsistence allowance" not to exceed the maximum per diem rate set by the General Services Administration ("GSA").  The GSA per diem rates include meal expenses.  *See* 41 C.F.R. § 300-3.1 (defining "subsistence allowance" to include meals); *Frequently Asked Questions, Per Diem*, U.S. Gen. Servs. Admin., https://www.gsa.gov/travel/plan-book/per-diem-rates/faq#1 (last visited June 16, 2023) ("Per diem is an allowance for lodging, meals, and incidental expenses.").

However, this subsistence allowance is only permitted when witnesses must make "an overnight stay . . . at the place of attendance."  28 U.S.C. 1821(d)(1).  The documentation of Farrajota's travel expenses relating to her New York deposition indicates single-day travel: all charges occurred on the same day, and they include a morning Uber receipt to a Philadelphia train station and Amtrak charges that evening.  Her meal expenses are therefore not taxable, and the amount claimed by Five Below for her deposition appearances will be reduced to $112.47.

ii.     *Kent Expert Fees*

Rather than the standard $40 daily appearance fee provided for by Section 1821(b), Five Below seeks to recover the full fee charged by its testifying supply chain expert, Jay Kent.  Kent was deposed during discovery and attended all five days of trial, although he only testified on the final two days.  Five Below seeks to tax $3,250 for his appearance at his deposition—ten hours at Kent's rate of $325 an hour.  It also seeks to tax $17,500 for his appearance at trial—five ten-

hour days at a rate of $350 an hour.  These fees are not taxable under Sections 1821 and 1920, which "do not authorize an award for . . . expert witness fees. . . . " *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019); *see also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 464 ("[T]he types of costs recoverable under Rule 54(d)(1) are quite circumscribed. . . . [T]hese costs 'do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee[.]'") (quoting *Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988)).[5]  Kent's appearances are taxable at the $40 per day witness appearance rate, not his expert rate, and will therefore be reduced.

K7 raises an additional objection with respect to Kent—although Kent only testified during two days of trial, Five Below seeks to recover costs for all five days he attended. Attending but not testifying at trial is taxable when there exists a reasonable expectation that the witness may be called.  *See, e.g.*, *Greene v. Fraternal Ord. of Police*, 183 F.R.D. 445, 450 (E.D. Pa. 1998) ("[C]osts are properly taxed when there is a good faith expectation that witnesses might be called and had to be made available for that eventuality."); *Smith v. Crown Equip. Corp.*, 2000 WL 62314, at *2 (E.D. Pa. Jan. 13, 2000) (holding that the taxation of costs for a witness's two days of trial attendance was proper even though the witness only testified for one day); *Farley v. Cessna Aircraft Co.*, 1997 WL 537406, at *3 (E.D. Pa. Aug. 1, 1997) ("Having a witness available a day in advance is reasonable").

During the opening, defense counsel told the jury that Kent was "a retail supply-chain expert" who "will talk to you . . . about why the industry uniformly requires purchase orders as

---

[5] In addition to arguing that expert fees are not taxable under Section 1920, K7 argues that the Court should reject Kent's fees because his testimony "was not reasonably necessary or helpful to the Court" and "[i]t is highly unlikely that his trial appearance played any role in the jury's verdict[.]"  This argument is based on counsel's self-assessment that his cross-examination was so successful that it revealed Kent to be a "buffoon."  In addition to being beside the point given the precedent cited above and difficult to square with the fact that the jury found wholly in Five Below's favor, this vitriolic characterization is inappropriate.

the mechanism to require goods."  At no point did Plaintiffs suggest that it was possible that they might decide to call Kent as a witness in their case.  Accordingly, there was no need for Kent (except to the extent that Defendant was inclined to ask him to attend and there was no valid objection to his presence) to be in the courtroom during Plaintiffs' case-in-chief.

During the trial, at the end of each day the Court checked in with the parties to evaluate what was likely to occur during the next trial day.  At the end of the first day of trial, the Plaintiffs informed the Court that the entirety of the next trial day would be filled with their witnesses' testimony.  Accordingly, it was not necessary for Kent to attend the second day of trial.

At the end of the second day of trial, Plaintiffs' counsel informed the Court that it had two witnesses to put on the next day.  From a discussion with the parties the Court concluded that the day after that (the fourth day of trial) it would be Defendant's turn to present evidence.

Finally, on the third day of trial, Plaintiffs' counsel informed the Court that he would rest the following day.  Defense counsel then indicated that Kent would testify shortly thereafter.  Accordingly, it was necessary that Kent be available on the fourth day of trial.  In fact, he was called by Defendant to testify on the fourth day of trial which testimony continued into the fifth day of trial.

Three days of Kent's attendance are therefore taxable under Section 1920 at the standard witness appearance rate of $40 a day—the one day of his deposition testimony and the two days of his trial testimony.  Five Below is not, however, entitled to costs for his attendance on the first three days of trial, which he attended "to listen to live witness testimony and understand the exhibits entered in evidence" and during which there was no reasonable expectation he would testify.  *See Farley*, 1997 WL 537406 at *3 (declining to tax costs for a witness's attendance at

trial for the purpose of authenticating documents).  Five Below is therefore entitled to $120 in costs for Kent's appearances.

    *iii.  Kent Travel Costs*

   As Five Below claims that Kent's travel was obtained at the most economical rate available and K7 has provided no evidence to the contrary, his travel costs are fully taxable.  *See* 28 U.S.C. § 1821(c)(1) ("A witness who travels by common carrier shall be paid for the actual expenses of travel. . . . Such a witness shall utilize a common carrier at the most economical rate reasonably available.").  Five Below acknowledges that Kent's actual meal and lodging expenses exceeded the GSA per diem rate and should therefore be reduced.  Kent's lodging costs are therefore limited to $227.85 per day (the GSA per diem lodging rate for Philadelphia), for two days; his meals and incidentals costs are limited to $59.25, the per diem rate for the first and last day of travel.  *FY 2023 Per Diem Rates for Philadelphia, Pennsylvania*, U.S. Gen. Servs. Admin, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited June 16, 2023).

   In total, then, Five Below is entitled to $306.85 for his travel and lodging expenses connected to his deposition, and $1,603.51 for travel, lodging, and meal expenses incurred as a result of his trial attendance.

   As K7 does not object to the other witness fees requested by Five Below,[6] they will be granted in full.  Five Below is therefore entitled to $2,262.83 total in witness costs.

## C. Transcript Costs

   Five Below seeks to tax $23,663.37 for deposition and trial transcripts "used in preparation for trial, oral argument of motions and trial preparation."  K7 objects to taxing costs for any deposition transcripts generally, and also raises objections to a number of discrete fees

---

[6] These consist of attendance costs at depositions and trial by witnesses Cara Binder and Cori Totoro, and Farrajota's appearance costs and travel expenses (other than the claimed meal expense) at her depositions.

included in Five Below's requested transcript costs.  K7's blanket objection to deposition transcript costs is that Five Below has not explained "why any of the deposition transcripts were necessarily obtained for use in this case."  K7 then objects to the following discrete fees included in Five Below's claimed transcript costs: (1) costs for expedited preparation of deposition transcripts; (2) costs for condensed copies of deposition transcripts; (3) costs for transcript handling and processing; (4) costs labelled "transcript technology package and litigation technology support"; and (5) costs labelled "video pages."  In response, Five Below argues that these are all "routine industry costs accompanying the preparation" of deposition transcripts, a response that is inadequate given that courts disallow certain categories of transcript-related costs even if charged by vendors.  *See, e.g.*, *Duchesneau v. Cornell Univ.*, 2015 WL 619609, at *6-7 (E.D. Pa. Feb. 11, 2015) (disallowing fees for condensed transcripts).

Section 1920 permits recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also Quagliarello v. Dewees*, 2012 WL 3279212, at *3 (E.D. Pa. Aug. 10, 2012) (finding transcript costs taxable if "necessarily incurred in the preparation of effective litigation").  K7 would limit recoverable transcript costs only to those introduced as trial exhibits.  As Section 1920 permits recovery for transcripts "necessarily obtained for use in the case," not those only obtained for use *in trial*, this is an overly narrow reading.  *See In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138-39 (3d Cir. 1999) (rejecting the argument that transcript costs are only recoverable if used "at trial"); *In re Kulicke & Soffa Indus., Inc. Sec. Litig.*, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) (permitting recovery of deposition transcript costs for witnesses who did not testify at trial because "effective trial preparation and the ability to respond adequately to plaintiff's pretrial motions depended in large part on the review of deposition testimony").  That these transcripts were used to prepare

for trial and in motion practice renders them "necessarily obtained."

K7's objections to more specific fees are up next.  K7 first objects to fees for expedited deposition transcripts.  Fees for expedited transcripts are not taxable when incurred "solely for the convenience of counsel."  *Montgomery County v. Microvote Corp.*, 2004 WL 1087196, at \*6 (E.D. Pa. May 13, 2004); *In re Kulicke*, 747 F. Supp. at 1147 (finding fees for expedited transcripts not "necessarily obtained" and disallowing them).  Here, however, Five Below seeks costs for expedited deposition transcripts of two experts, Kent and Gary Simmons, that took place approximately two weeks before the deadline for summary judgment and *Daubert* motions.  Expediting transcripts was necessary under these circumstances, rather than merely for the convenience of counsel, and these fees are therefore taxable under Section 1920.

K7 also objects to costs for condensed copies of transcripts.  These will be disallowed.  *See Duchesneau*, 2015 WL 619609 at \*6-7.  Five Below's explanation that such costs are "routine" does not explain why they were necessarily incurred.  K7 next objects to "handling and processing" fees included in transcript costs.  As "[a] party may not recover the shipping and handling costs associated with depositions," and Five Below has provided no information indicating these fees relate to some other permissible costs, these will be disallowed.  *In re Aspartame Antitrust Litig.*, 817 F. Supp.2d 608, 617 (E.D. Pa. 2011); *cf. In re Penn Cent. Transp. Co.*, 630 F.2d at 191 (holding "postage and courier fees" nontaxable under the Federal Rules of Appellate Procedure).  Costs for "transcript technology package and litigation technology support" will also be disallowed as these services appear to be for the convenience of counsel, as opposed to necessarily obtained.

Finally, the fees labelled "video pages" will be disallowed.  Five Below explains that this charge "is assessed when a videographer attends the deposition" and "review[s] the video against

the transcript" to ensure accuracy.  As this service not necessary to produce the transcript—two of the attached transcript invoices do not include a "video pages" charge—these costs are duplicative and not taxable.  *See In re Aspartame Antitrust Litig.*, 817 F. Supp.2d at 617 (holding that prevailing parties cannot "recover the costs of both transcripts and videotapes of depositions").

As K7 does not object to Five Below's request for fees incurred by obtaining daily trial transcripts, these costs will be taxed.  Five Below is therefore entitled to $22,589.42 total in transcript costs.

### D.  Copying Costs

Five Below seeks to tax $3,579.10[7] for the costs of making copies of documents necessarily obtained for use in the case which, here, include the costs of providing exhibit binders for the Court and for witnesses to refer to while testifying.  "[T]he costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(4).  "The party seeking reimbursement for copying costs must describe the purpose of the charge with sufficient specificity," and "[t]he cost per page and the number of copies cannot be excessive." *E.C. v. Sch. Dist. of Phila.*, 91 F. Supp.3d 598, 616-17 (E.D. Pa. 2015).

K7 argues that that Five Below's documentation of its copying costs is not sufficiently itemized to permit their recovery.  Although Five Below's documentation provides a "work date," number of pages copied, and cost per page ($0.15), it does not provide a description of each document copied.  Such a detailed level of itemization has not been found necessary, and the description provided in the Bill of Costs—explaining that these charges reflect document

---

[7] Five Below requested $6,943.35 in its Bill of Costs but reduced this amount to $3,579.10 in its Reply brief.

printing for attorney document review; deposition and trial preparation; and deposition, motion, and trial exhibits—is sufficient to permit recovery.  *See Laura P. v. Haverford Sch. Dist.*, 2009 WL 1651286, at *9 (E.D. Pa. June 12, 2009) (finding the descriptions "copies for hearing," "copies of research for hearing," "copies for reply brief," and "copies of exhibits" sufficiently specific to permit the recovery of copying costs), *abrogated on other grounds by Steven I. v. Central Bucks Sch. Dist.*, 618 F.3d 411 (3d Cir. 2010); *Microvote*, 2004 WL 1087196, at *7 ("While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the 'best breakdown of the copied material obtainable from its records.'").  And the $0.15 per copy charges are within the range that courts in this district have found reasonable.  *In re Aspartame Antitrust Litig.*, 817 F. Supp.2d at 618 ("Courts in the Third Circuit have routinely held that copying costs of $0.25/page . . . were reasonable."). The number of copies is also reasonable given the document-intensive nature of the case.

However, the entirety of the color copying Five Below seeks to recover has a work date of February 16, 2021, meaning these costs were incurred over a month before K7 filed its Complaint on March 24, 2021.  Although these pre-litigation costs may have been "necessary to effective and competent representation," *E.C.*, 91 F. Supp.3d at 617, Five Below has provided no argument or information demonstrating that they were.  Five Below describes these costs as necessary for "attorney document review, preparation for discovery production, and depositions," without explaining why this work occurred prior to the filing of the Complaint. These costs, totaling $118.60, will therefore be disallowed.[8]  For the same reason, nine entries for regular copying also dated February 16, 2021 and totaling $23.40 will also be disallowed.

---

[8] Moreover, although color copying may be necessary and therefore taxable in certain circumstances, losing parties are not responsible for "unnecessary aesthetic costs" or their opponents' "glitz."  *In re Aspartame Antitrust Litig.*, 817 F. Supp.2d at 619.  As a result, a party seeking to recover color copying costs must demonstrate why color copies, specifically, were necessary.  Five Below has not done so.

 Taxable copying costs will therefore be reduced to $3,437.10.

**E.  Trial Technician Costs**

Finally, Five Below seeks to recover the costs of a trial technician who aided in the

electronic presentation of exhibits at trial.  Five Below argues that these costs fit within the

definition of "exemplification" under Section 1920(4).  Although it has distinguished

"'exemplification' from 'making copies,'" *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,

674 F.3d 158, 165-66 (3d Cir. 2012), the Third Circuit has not specifically defined the term or

determined whether it extends to trial technician costs.  It has, however, "narrowly interpreted"

other portions of Section 1920.  *See Mylan Inc. v. SmithKline Beecham Corp.*, 2015 WL

1931139, at *15 (D.N.J. Apr. 28, 2015) (describing the Third Circuit's interpretation of "cost of

making copies" in *Race Tires* as "widely considered to be the most restrictive in the country on

that issue").  A narrow interpretation of "exemplification" is also consistent with the Supreme

Court's direction that:

> [W]e have never held that Rule 54(d) creates a presumption of statutory
> construction in favor of the broadest possible reading of the costs enumerated in
> § 1920. To the contrary, we have made clear that the "discretion granted by Rule
> 54(d) is not a power to evade" the specific categories of costs set forth by Congress.
> "Rather," we have said, "it is solely a power to decline to tax, as costs, the items
> enumerated in § 1920."

*Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572-73 (2012) (internal citations omitted).

District courts in this circuit have therefore disallowed the taxation of trial technician costs.  *See,*

*e.g.*, *Alzheimer's Inst. of Am., Inc. v. Avid Radiopharmaceuticals*, 2016 WL 1161349, at *1-2

(E.D. Pa. Mar. 23, 2016) ("The expense of having vendors at trial to present exhibits and aids

electronically is . . . not taxable. . . . The cost of preparing the format for presenting a party's

exhibits in a manner favored by that party should not be borne by the other party.").  Courtroom

support costs have also been denied on the grounds that it "is the type of activity typically performed by paralegals or support staff employed at a law firm, and is therefore akin to attorneys fees, which are not recoverable as costs." *Mylan Inc.*, 2015 WL 1931139, at *16 (quoting *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041, at *11 (D. Del. May 30, 2014), *vacated and remanded on other grounds by* 615 F. App'x 688 (Fed. Cir. 2015)).

Five Below's argument that similar reasoning does not apply here is unpersuasive, and its request for trial technician costs will therefore be denied.  It argues that *Alzheimer's Institute of America, Inc.* is distinguishable because that court disallowed trial technician costs "because there were no issues that needed to be exemplified at trial" while "[t]he opposite is true here." This is an inaccurate characterization.  The *Alzheimer's Institute* court rejected the defendant's argument that a trial support was necessary "to simplify the presentation of the evidence in a case involving complex issues," as the case "never reached . . . highly technical and scientific issues. . . . " 2016 WL 1161349 at *2.  But regardless, it found "the costs for a trial support team" not taxable "[i]n any event." *Id.*[9]  The use of trial technicians may have simplified the presentation of evidence, but this trial did not involve complex issues requiring such services.

III.   <u>CONCLUSION</u>

Five Below is entitled to an award of costs totaling $28,665.35.  An appropriate order follows.

                                        BY THE COURT:
                                        /S/WENDY BEETLESTONE, J.

                                        _____
                                        **WENDY BEETLESTONE, J.**

---

[9] *Ricoh Corp. v. Pitney Bowes Inc.*, 2007 WL 1852553 (D.N.J. June 26, 2007), which Five Below cites, is also distinguishable.  In that case, the court allowed trial support team costs to be taxed following a month-long patent infringement trial pursuant to District of New Jersey Local Rule 54.1, which allows "ordinary litigation expenses" to be taxed "where essential to a large or complex case."  2007 WL 1852553, at *3.  This Court does not have a similar Local Rule and this case was neither large nor complex.